IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUSUMU UCHIYAMA

          PLAINTIFF,           **CASE NO.**

v.

CHICAGO PUBLIC SCHOOLS

          DEFENDANTS.

## PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT

**NOW COMES,** PLAINTIFF, SUSUMU UCHIYAMA , and files this complaint to redress the discrimination he encountered while working for DEFENDANT, CHICAGO PUBLIC SCHOOLS ("CPS") for his termination from employment due to retaliation and for race discrimination in violation in violation of Title VII, 42 USC 2000e et seq., Title VI of the Civil Rights Act, and Illinois Human Rights Act and for retaliation for filing a complaint of discrimination for of Title VI . For his cause of action, PLAINTIFF states as follows:

1. PLAINTIFF, SUSUMU UCHIYAMA, is an Asian male who worked for Defendant CPS. Plaintiff race is not Black. Plaintiff was employed as a Commandant (JROTC program) of Air Force Academy High School for DEFENDANT, Chicago Public School.

2. DEFENDANT, Chicago Public Schools ("CPS"), is a public entity that employs more than 500 individuals in the State of Illinois. Defendant operates a school Air Force Academy High School (AFAHS).

3. Yashika Tippett-Eggleston ("Tippett-Eggleston") is a female whose race is Black. Yashika Nicole Tippett-Eggleston, a native of St. Louis, MO, serves as the founding Principal of the Air Force Academy High School (AFAHS) in Chicago for Defendant. AFAHS is an employer as defined by 42 USC § 2000e(b).

4. Defendant AFAHS receives federal assistance to operate.

5. PLAINTIFF performed his job duties in an above satisfactory manner while he worked for DEFENDANT.

6. The Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights). The court also has Supplemental jurisdiction over the State Claims as they come out of the same set of facts and questions of law.

7. Venue is also proper in this Court as the actions occurred in Illinois.

8. All required conditions precedent required under the Illinois Human Rights Act have been exhausted and/or performed by PLAINTIFF prior to the filing of this complaint. PLAINTIFF filed a charge of discrimination with the Illinois Department of Human Rights (hereinafter "IDHR"), within 300 days of the date of the of his termination from employment and that complained of herein. Plaintiff sent a notice to opt out of the Process and proceed to Court. Plaintiff received an optout notice and Plaintiff files this complaint within 90 days of receiving his opt out notice from the IDHR.

9. All required conditions precedent required under Title VII (42 U.S.C. §2000e et seq.) and 42 U.S.C. § 2000d have been exhausted and/or performed by PLAINTIFF prior to the filing of this complaint. PLAINTIFF filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), within 300 days of the date of the of her termination from employment and that complained of herein. The plaintiff requested a right to sue form the EEOC and has received his right to sue. He has filed this complaint within 90 days of receiving his right to sue letter.

10. PLAINTIFF was an employee of CPS as defined by IHRA 775 ILCS 5/2-101 (A) and 42 USC § § 2000e(f).

11. CPS employs more than 20 employees in Illinois for more than 20 calendar weeks in 2024.

12. CPS is an employer as defined by 42 USC § 2000e(b).

13. Plaintiff's employment started in July 2023 with AFAHS. During the time which Plaintiff worked for AFAHS he received awards and was successful in his job for AFAHS.

14. Plaintiff performed his job duties satisfactorily. The JROTC unit Plaintiff supervised was awarded the best unit in Outstanding Unit SY 2023-24. This was an outstanding reward that Plaintiff's work to earn for the School.

15. Plaintiff had no performance issues prior to his termination.

16. Yashika Tippett-Eggleston (Black Female) made several discriminatory and disparaging remarks and actions against students and employees who race were not Black.

17. While Plaintiff was employed at AFAHS, Yashika Tippett-Eggleston treated black students superior to non-Black students.

18. Yashika Tippett-Eggleston treated White and Hispanic Students and other students whose race was not Black inferior to students whose race was Black.

19. On October 16, 2023, Yashika Tippett-Eggleston told students in Plaintiff and others presence that she "hated White Men and Hispanic Women."

20. While working for Defendant , Plaintiff witnessed Yashika Tippett-Eggleston treat students and employees differently due to their race. Yashika Tippett-Eggleston allowed students whose race was Black to pass, get by and did not enforce policies against Black Students. As for Hispanic, White, and other non-Black students, Yashika Tippett-Eggleston would harass and bully them. Tippett-Eggleston would give the non-Black student demerits for issues that she ignored for Black Students. For instance, if a Hispanic individual was not in proper uniform, she would discipline that student. However, Yashika Tippett-Eggleston would ignore a student next to her with a similar issue with dress if they were Black. The treatment of students and employees based on their race or national origin was extremely unfair and unlawful discrimination.

21. On April 11, 2024, a student whose race was Black was placed in charge of the JROTC cadet chain in command. The student started to make a German Nazi Salute with his arm up in the air as if he were saying Sieg Heil. Plaintiff asked him to stop it. The Student refused to stop the action. Plaintiff asked the student to put his hand down as it was offensive to Plaintiff and racially insensitive to other students. Plaintiff then asked the student three times to put his hand down and to stop his actions. The student refused. Due to the student's offensive actions, Plaintiff placed his hand down as he was an officer for JROTC Chain of Command, and he was insubordinate, disrespectful, racially insensitive, and offensive. Plaintiff moved and guided the student's hands down. Actions such as those done by this student were allowed by Yashika Tippett-Eggleston for Black Students. Defendant did not discipline the student because his race was Black.

22. The statements made by Yashika Tippett-Eggleston are direct evidence of discrimination towards the students of AFAHS and Yashika Tippett-Eggleston should have been removed and at lease suspended once such statements were brought to AFAHS's attention and the matter investigated.

23. Plaintiff brought Yashika Tippett-Eggleston actions to CPS attention and CPS ignored Plaintiff's complaints to CPS and fired the Plaintiff for reporting said discriminatory actions and policy of Defendants.

24. Yashika Tippett-Eggleston knew that making racist statements about white men and Hispanic Woman as well as treating students whose race was not Black inferior to Student's whose race was Black was a violation of the Civil Rights Laws of the United States.

25. From July 2023 until June 29, 2024, Plaintiff was subjected to harassment by Yashika Tippett-Eggleston, Supervisor. The harassment consisted of offensive statements and actions by Yashika Tippett-Eggleston towards other students and employees. The actions occurred on a regular basis.

26. Defendants actions were discriminatory and ended up in a tangible employment action where Plaintiff's employment was terminated.

27. Human resources failed to investigate the numerous complaints Plaintiff made to Defendant. While Plaintiff received Plaintiff's complaint, defendant lost them or buried them. Plaintiff's Complaint to Defendant cannot be located by CPS. Plaintiff received one phone call from AFAHS about his complaint but the person said they had a conflict of interest. Plaintiff has attempted to find out what happened to the Complaint but AFAHS cannot provide an answer to what happened to it.

28. Yashika Tippett-Eggleston and other at AFAHS created offensive conduct created a hostile and intimidating work environment for Plaintiff and others and interfered with Plaintiff's ability to do his job.

29. Plaintiff was treated differently than similarly situated employees due to my race and for making a formal complaint of discrimination about Tippett-Eggleston.

30. Plaintiff was notified that his contract was not renewed and he his employment was terminated on or about June 28, 2024. Yashika Tippett-Eggleston stated to Plaintiff that the reason he was not given a new contract was because he reported her and made charges or discrimination about CPS.

31. The statements by Yashika Tippett-Eggleston to Plaintiff that his contact was not renewed because he made a complaint of discrimination are direct evidence of retaliation.

## COUNT 1 TITLE VII

32. PLAINTIFF realleges Paragraph 1-31 as set forth herein.

33. 42 USC § 2000e et. seq. makes it illegal to discriminate against someone because of a person's national origin, race or religion. 42 USC § 2000e-2(a)(1) makes it an unlawful employment practice for an <u>employer</u> to discharge any individual, or otherwise to

discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's Race or Sex.

34. CPS treated PLAINTIFF inferior to other employees due to PLAINTIFF Race, Asian in violation of 42 USC § 2000e-2(a)(1). DEFENDANT'S differences in terms and conditions of employment as well as firing the PLAINTIFF were done because of his race were unlawful discrimination against PLAINTIFF in violation of 42 USC § 2000e-2(a)(1).

35. Defendant's actions towards PLAINTIFF damaged PLAINTIFF. PLAINTIFF has suffered monetary loss, loss to his reputation, incredible pain and suffering and other damages.

## COUNT II VIOLATION IHRA

36. PLAINTIFF realleges paragraphs 1-35 as set forth herein.

37. 775 ILCS 5 et seq. makes it unlawful to discriminate against someone due to their race.

38. PLAINTIFF race, Black, is a protected class under the Illinois Human Rights act.

39. Pursuant to 775 ILCS 5/2-102(A) it is unlawful for an employer to engage in harassment or discharge, discipline and create different privileges or conditions of employment on the basis of a person's race.

40. DEFENDANT'S actions toward PLAINTIFF complained of herein, as well as the differences in terms and conditions of employment to which PLAINTIFF was subjected by AFAHS, AFAHS's termination of PLAINTIFF's employment made because of PLAINTIFF's Race. AFAHS's actions were unlawful discrimination against PLAINTIFF in violation of 775 ILCS 5/1103 (Q).

41. As a result of the Defendant's conduct, PLAINTIFF has suffered financial, emotional, and other damages.

## COUNT III RETALIATION TITLE VII

42. PLAINTIFF realleges paragraphs 1-41 as set forth herein.

43. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), makes it unlawful employment practice for an employer to discriminate against any of his employees or to discriminate against any individual because she has opposed any practice made an unlawful employment practice.

44. PLAINTIFF made a good faith report to DEFENDANT to oppose what he believed was unlawful discrimination he was encountering due to his race being Asian and not Black.

45. The reason stated by AFAHS for plaintiff's contract not being renewed was because he made a complaint of discrimination against Yashika Tippett-Eggleston and CPS.

46. CPS's and AFAHS's different treatment in the terms and conditions of PLAINTIFF's employment and PLAINTIFF's discharge were done in retaliation for PLAINTIFF asserting his rights under TITLE VII, 42 U.S.C. § 2000e-3(a).

47. As a result of the CPS's conduct, PLAINTIFF has suffered financial, emotional, and other damages.

## COUNT IV RETALIATION TITLE VI

48. PLAINTIFF realleges paragraphs 1-49 as set forth herein.

49. Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d states

    No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 42 U.S.C. § 2000d.

50. PLAINTIFF made a good faith reports to DEFENDANT to oppose what he believed was unlawful discrimination for Students due to their race.

51. CPS's discharge of PLAINTIFF was done in retaliation for PLAINTIFF making his complaints of discrimination.

52. As a result of the CPS's conduct, PLAINTIFF has suffered financial, emotional, and other damages.

## COUNT V RETALIATION-IHRA

53. PLAINTIFF realleges paragraphs 1-52 as set out herein.

54. 775 ILCS 5/6-101(A) States:

    It is a civil rights violation for a person, or for 2 or more persons, to conspire to:(A) Retaliation. Retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment, sexual harassment in elementary, secondary, and higher education, or discrimination based on an arrest record, citizenship status or work authorization status in employment under Articles 2,4, 5, and 5A [of this Act], because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act, or because he or she has requested, attempted to request, used, or attempted to use a reasonable accommodation as allowed by this Act. 775 ILCS 5/6-101.

55. PLAINTIFF made a good faith report to CPS to oppose what he believed was unlawful discrimination he was encountering due to his race being Asian to AFAHS and also the racial discrimination that students received due to Yashika Tippett-Eggleston actions towards the students.

56. A short time after PLAINTIFF made his complaint of discrimination to AFAHS, failed to renew Plaintiff's contract.

57. The reason stated by AFAHS for plaintiff's contract not being renewed was because he made a complaint of discrimination against Yashika Tippett-Eggleston and the school.

58. CPS's termination of Plaintiff employment and non-renewal of Plaintiff's contract as well as the and different treatment in the terms and conditions of his employment and with DEFENDANT were done in retaliation for PLAINTIFF asserting his rights under the IHRA and making a compliant to Defendant to stop the discriminatory actions Defendant's employees were committing.

59. As a result of the AFAHS's conduct, PLAINTIFF has suffered financial, emotional, and other damages.

## COUNT VI HOSTILE WORK ENVIRONMENT TITLE VII

60. PLAINTIFF realleges paragraph 1-59 as set forth herein.

61. CPS's actions created an abusive and hostile work environment for the PLAINTIFF based on either PLAINTIFF's Race, or in retaliation of Plaintiff's making a claim of discrimination.

62. PLAINTIFF experienced "Harassment" at work by AFAHS as the conduct complaint herein was unwelcome conduct on the basis of an individual's actual or perceived race that has the purpose or effect of substantially interfering with the PLAINTIFF's work performance or created an intimidating, hostile, or offensive working environment.

63. Most of the hostile work environment was perpetrated by Yashika Tippett-Eggleston who was Plaintiffs direct Supervisor. Yashika Tippett-Eggleston participated in the termination of PLAINTIFF and/or AFAHS relied upon Yashika Tippett-Eggleston for the termination of PLAINTIFF.

64. PLAINTIFF was subjected to slurs, insults, jokes or other verbal comments and/or intimidation of a racial nature and treated inferior due to his race by DEFENDANT.

65. The conduct PLAINTIFF was subjected to while working for AFAHS was sufficiently severe or pervasive to alter the conditions of the PLAINTIFF's employment and create a racially abusive or hostile work environment.

66. The PLAINTIFF perceived the working environment to be abusive or hostile while he worked for AFAHS.

67. A reasonable person with the PLAINTIFF's protected characteristic in the PLAINTIFF's circumstances would consider the working environment to be abusive or hostile.

68. The totality of the circumstances constituted a racially hostile work environment. PLAINTIFF experienced frequent harassing conduct and the severity of the harassing and abusive conduct was extreme in nature and humiliating.

69. The firing or non-renewal of the PLAINTIFF employment with AFAHS was a tangible employment action. The termination of PLAINTIFF's employment was instigated by Yashika Tippett-Eggleston.

70. PLAINTIFF was damaged by Defendant's actions.

## COUNT VII- HOSTILE WORK ENVIRONMENT IHRA

71. PLAINTIFF realleges paragraphs 1-73 as set forth herein.

72. The IHRA at 775 ILCS 5/2-101(E-1) defines harassment as follows: "Harassment" means any unwelcome conduct on the basis of an individual's actual or perceived race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, pregnancy, unfavorable discharge from military service, citizenship status, or work authorization status that has the purpose or effect of substantially interfering with the individual's work performance or creating an intimidating, hostile, or offensive working environment. For purposes of this definition, the phrase "working environment" is not limited to a physical location an employee is assigned to perform his or her duties.

73. Yashika Tippett-Eggleston and others at AFAHS made unwelcome conduct on the basis of PLAINTIFF race that had the purpose or effect of substantially interfering with PLAINTIFF's work performance and/or created an intimidating, hostile, or offensive working environment.

74. Yashika Tippett-Eggleston was PLAINTIFF's supervisor. Supervisors have strict liability for their actions under the Illinois Human Rights Act.

75. The conduct that AFAHS did towards PLAINTIFF was sufficiently severe or pervasive so that a reasonable person in PLAINTIFF's position would find PLAINTIFF's work environment to be hostile or abusive.

76. At the time the conduct occurred, PLAINTIFF believed that the conduct made his work environment hostile or abusive.

77. AFAHS did not take reasonable steps to correct the situation and prevent harassment from recurring.

78. PLAINTIFF received unwelcome conduct on the basis of an individual's race by AFAHS' employees from Yashika Tippett-Eggleston due to PLAINTIFF's race.

79. The unwelcome conduct violated the Illinois Human Rights Act including 775 ILCS 5/2-102.

80. Plaintiff was damaged by Defendant's actions.

## REQUEST FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests judgment against the DEFENDANT, , as follows:

1. Declaring that DEFENDANTS conduct has violated PLAINTIFF'S rights as secured by the IHRA, Title VI and Title VII of the Civil Rights Act.

2. Order DEFENDANT to institute and carry out policies, practices, and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

3. Reinstate Plaintiff to his position with DEFENDANT with all make whole relief.

4. Awarding compensatory damages on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other nonpecuniary losses as will fully compensate PLAINTIFF for the injuries caused by DEFENDANTS' discriminatory conduct.

5. Make PLAINTIFF whole, including back pay, front pay, and benefits and all economic damages that PLAINTIFF has sustained.

6. Awarding such other and additional relief as may be necessary to make PLAINTIFF whole on each and every cause of action.

7. Awarding a reasonable attorney's fee and costs in prosecuting this action.

8. Enjoining and permanently restraining the alleged violations of law on each and every cause of action against DEFENDANT.

9. Awarding such other equitable relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,


/s/Steven D. Horak
STEVEN D. HORAK,
940 Knollwood Dr
Buffalo Grove IL 60089
 (847)877-3120
Steve@stevenhoraklaw.com
ATTORNEYS FOR PLAINTIFF

## JURY DEMAND
**PLAINTIFF DEMANDS TRIAL BY A JURY.**

/s/ Steven Horak

Attorney For PLAINTIFF